ALUMNI ASSOCIATION OF THE DELTA CHAPTER OF ZETA PSI FRATERNITY, NU BETA OF PHI GAMMA DELTA, RUTGERS ASSOCIATION OF BETA THETA PI, ALPHA PSI CHAPTER HOUSE ASSOCIATION OF PI KAPPA ALPHA, GAMMA UPSILON CHAPTER OF KAPPA SIGMA, ALPHO RHO ALUMNI ASSOCIATION, PETITIONERS, v. CITY OF NEW BRUNSWICK, RESPONDENT.

Decided June 9, 1942.

For the petitioners, *R. E. & A. D. Watson, Newton H. Porter, Jr., John B. Molineux* and *M. Harold Higgins.*

For the respondent, *Paul W. Ewing.*

QUINN, President. Petitioners are all organizations owning property which was used for the purpose of housing the functions and activities of undergraduate college fraternities at Rutgers University, in the City of New Brunswick, as of the assessing dates for the years 1939 and 1940. They seek exemption from taxation for such property under the provisions of *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26. The section is as follows:

"All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated, shall be exempt from taxation under this chapter, if the legal or beneficial ownership of such property is in one or more of said organizations, lodges, associations or societies, and no part of such property is used for pecuniary profit.

"Nothing herein contained shall be construed to permit the exemption of property owned directly or indirectly, or for the benefit of, organizations commonly known and designated as college clubs, or college lodges, or college fraternities."

The city points out that the second paragraph of the section excludes the property of college fraternities from the scope of the exemption and that if that proviso is an improper classification for exemption, the entire section is unconstitutional, thus abolishing all exemptions of property used for fraternal purposes. Petitioner's response is that the section, as found in the Revised Statutes, is divided into two separate paragraphs, the first being derived, almost *verbatim,* from *Pamph. L.* 1936, *ch.* 46, and the second, from an amendment thereto, enacted in *Pamph. L.* 1937, *ch.* 170; that in *Alpha Rho Alumni Association* v. *City of New Brunswick (Supreme Court,* 1941), 126 *N. J. L.* 233; 18 *Atl. Rep.* (2d) 68; *affirmed (Court of Errors and Appeals,* 1941), 127 *N. J. L.* 232; 21 *Atl. Rep.* (2d) 737, on opinion below and in companion cases, it was held that the amendment of 1937, excluding college fraternities from exemption was unconstitutional, but that the original 1936 exemption act remained in full force and effect, unaffected by the unconstitutional amendment thereof, and that these petitioners now before us were entitled to exemption from taxation on account of their property used for the statutory purposes, for the year 1938; that, furthermore, the re-enactment of both the 1936 and 1937 provisions into the Revised Statutes, as *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, in December, 1937, prior to the ruling by the courts in the *Alpha Rho* case, *supra,* requires the conclusion that there is no change in the law applicable for the years 1939 and 1940, other than that resulting from the adjudication in the *Alpha Rho* case, as to the year 1938.

We agree with counsel for the fraternities. *R. S.* 1:1-4; *N. J. S. A.* 1:1-4 provides that the provisions of the Revised Statutes, not inconsistent with prior laws, should be construed as a continuation of such laws. It is thus clear that the legislature, in adopting the Revision, was intending to carry forward the pre-existing body of law, as it then existed. As held by the Supreme Court and the Court of Errors and Appeals in the *Alpha Rho* case, the 1937 amendment was unconstitutional, but separable from the exemption accorded fraternal organizations generally, under *Pamph. L.* 1936, *ch.* 46. The effect of the adoption of *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26, must therefore be, under section 1:1-4, the carrying forward of the general exemption, free from the unconstitutional proviso as to college fraternities, that being nugatory.

It is undisputed that in 1939 and 1940, these organizations were using these properties in exactly the same way as in 1938, so that the exemption accorded them by the courts for the latter year in the decisions referred to, must be continued for the years under appeal.

Respondent urges that some or all of these organizations are not of a character "beneficial to the public generally," and that it is a requirement implicit in *R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26 that they so be, in order to qualify for exemption. It is true that this board took that position in a number of cases antedating the *Alpha Rho* case, relying upon the language of the Supreme Court in *Camden* v. *Camden County Board of Taxation* (*Supreme Court,* 1938), 121 *N. J. L.* 262; 2 *Atl. Rep.* (*2d*) 40; *affirmed* (*Court of Errors and Appeals,* 1939), 122 *N. J. L.* 381; 5 *Atl. Rep.* (*2d*) 688, where the act had been held constitutional. It is clear from the *Alpha Rho* case, however, that the requirement of a finding that the property is devoted to a use "beneficial to the public generally," is not a prerequisite to exemption. All that is necessary, under the *Alpha Rho* case, is that there be literal compliance with the statute, *i. e.,* that the property be devoted to the uses of a fraternal organization or lodge, *any* fraternal organization of whatever character, so long as no part of the property is used for profit. This being shown

to be so in the present cases, each of these properties must be adjudged exempt for the years here under appeal.

Judgments accordingly.